IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LONNIE JACKSON, also known as
Anastasia Sabrina-Loni Jackson,

Plaintiff,

v.

JANE DOE NURSES,
DENTAL SUPERVISOR DR. WOLFE,
C.O. II DANIELLE PERSONETTE,
LT. WILLIAMS,
HEALTH SERVICES MANAGER RACHEL SNOW,
ASSISTANT HEALTH SERVICES MANAGER
RYAN KUFEL,
C.O. II LINDA BONDS,
CAPTAIN JAMES D. YOUNGER,
RN BRITTNEY A. CHRISTOPHEL,
WARDEN WAYNE OLSON,
DEPUTY WARDEN PAUL NINNEMAN,
CAPTAIN RANDALL BOUSEK,
IUS UNIT-3 SUPERVISOR NICOLE STRONG,
C.O. CURTIS ANDERSON,
ADM. CAPTAIN LYGA,
DAI ADMINISTRATOR SARAH COOPER,
EDUCATION DIRECTOR MS. M. HUFFMAN,
C.O. MICHAEL WILFONG,
SGT. PAUL LaSAVAGE,
SGT. CLINTON OLSEN,
C.O. KEVIN KAZMAREK, #14782,
SECURITY DIRECTOR,
C.O. TRAVIS KNUTSON,
SUPERVISOR CAPTAIN MENTZEL,
CAPTAIN ERIC BOYLE, #21138,
C.O. ANDREW SANDAHL,
ICE EXAMINER SAMMUEL K. SCHILL, #144518,
C.E.R.T. TEAM MEMBERS,
C.O. KURT W. MAHER, 16039,
DR. DELFORGE,
SGT. GREGORY J. WURZ, #11166,
C.O. KEVIN T. BEERUP, #23485,
C.O. KENT T. WITTE, #137935,

OPINION AND ORDER

26-cv-985-wmc

C.O. MARY KAY SERGO,
C.O. GENEMAN,
SGT. GOMACH,
SECRETARY MS. RUTH AFFELD,
DR. S. CHAPMAN-ZIMMERMAN,
PSYCHOLOGIST,
SOCIAL WORKER HEIDI RIVERA,
DR. D. LANDERS, PSYCHOLGIST,
DOC SECRETARY KEVIN A. CARR,
DOC SECRETARY JARED HOY,
IUS-RHU SUPERVISOR LUCUS WEBER,
LEARNING CENTER EDUCATOR MS. SIMPSON,
SGT. CLINTON OLSEN,
DEPUTY SECRETARY AMY PECHACEK, and
DOC SECURITY CHIEF JACOB CIRIAN,

Defendants.

---

Representing herself while imprisoned at Kettle Moraine Correctional Institution in Plymouth, Wisconsin, plaintiff Lonnie Jackson, also known as Ms. Anastasia Sabrina-Loni Jackson, has filed a lengthy civil rights complaint challenging various conditions of confinement.[1] (Dkt. #1.) Because she is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who by law cannot be sued for such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Although "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the complaint must still meet minimal pleading

[1] Plaintiff states that she is a "Male-To-Female Transgender" inmate who prefers female pronouns. (Dkt. #1, at 2.) Accordingly, the court will honor that request.

standards before the court may grant a self-represented plaintiff leave to proceed *in forma pauperis*. Because plaintiff's prolix complaint does not comply with the Federal Rules of Civil Procedure, plaintiff will need to submit an amended complaint that corrects the deficiencies identified below in order to avoid dismissal of this lawsuit.

## OPINION

Plaintiff has filed a single-spaced, 77-page complaint against more than 45 defendants, some of whom are not identified by name or who are referred to as a group (*e.g.*, "Jane Doe Nurses" and "C.E.R.T. Members"). The complaint raises numerous claims based on different legal theories stemming from incidents that allegedly took place on different occasions between November 2023, and August 2025, while plaintiff was confined at Oakhill Correctional Institution. The court will not attempt to parse the unwieldy complaint to search for plausible claims, as this would unduly strain scarce judicial resources, but will instead dismiss the complaint for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20.

To begin, Rule 8(a)(2) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Rule 8(d)(1) requires that each allegation within the complaint be "simple, concise, and direct." Plaintiff's complaint meets neither of these requirements. Under Rule 8, courts may dismiss a prolix or confusing complaint that "makes it difficult for the defendant[s] to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc.*

*v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). "Length may make a complaint unintelligible[] by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Such is the case with plaintiff's complaint, which takes an impermissible "'kitchen sink' approach to pleading the case.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946-47 (7th Cir. 2013) (quoting *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)). As a result, the complaint is subject to dismissal under Rule 8.

In addition, plaintiff improperly attempts to bring a series of unrelated claims in a single lawsuit, which violates Rules 18 and 20. Under Rule 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

The Seventh Circuit has also emphasized that Rule 20 applies as much to prisoner cases as it does to any other case. *George*, 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law

or fact common to all defendants will arise in the action." *See also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Because plaintiff's complaint presents numerous unrelated claims against multiple defendants in a single lawsuit, the complaint does not comply with Federal Rules of Civil Procedure 18 and 20.

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will give plaintiff one opportunity to file an amended complaint that complies with Rules 8, 18, and 20, using the court's prisoner complaint form. The court will send plaintiff a copy of the prisoner complaint form along with this order. Plaintiff may include supplemental pages with the form if she needs more space to allege facts supporting her claims, but she may provide no more than five (5) supplemental pages that must be double-spaced for legibility.

As noted above, plaintiff's amended complaint need only contain a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff should also carefully consider whether she is naming proper defendants who are properly joined as parties for purposes of Rules 18 and 20. Plaintiff must clearly identify each defendant by name in the caption and in the body of the complaint, specifying each individual's job title and their personal involvement in the alleged violation of plaintiff's rights. If plaintiff files an amended complaint that satisfies these criteria, the court will screen it under 28 U.S.C. §§ 1915(e)(2)(B), 1915A. If plaintiff fails to respond or the

proposed amended complaint does not comply, however, this case will be dismissed without further notice.

The court notes that plaintiff has filed a motion for appointment of counsel. (Dkt. #4.) There is no right to appointment of counsel in civil cases. A court may, in its discretion, recruit a lawyer who is willing to volunteer to represent an indigent civil litigant, but it need only do so where the legal and factual difficulties of the case exceed the litigant's ability to represent himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Before making that determination, the court must first find that the litigant has made reasonable efforts to recruit an attorney on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). This court generally requires litigants in plaintiff's position to submit letters from at least three attorneys declining to represent them. Because plaintiff has not met this threshold requirement, her motion will be denied.

The court notes further that plaintiff has filed a motion to suspend local rules on page limits, referring to "Civil L.R. 7(b) and F.R. App. P. Rule 2." (Dkt. #5.) This motion is also denied. This court does not have a local rule by that number and the Federal Rules of Appellate Procedure do not apply. Plaintiff, moreover, must submit her claims on a prisoner complaint form, which may be supplemented by no more than five (5) additional pages as set forth above.

ORDER

IT IS ORDERED that:

1) The complaint filed by plaintiff Lonnie Jackson is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rules of Civil Procedure 8, 18, and 20.

2) The clerk's office shall provide plaintiff with a copy of the court's prisoner complaint form, which is also available on the court's public website. Plaintiff must file her amended complaint using this form, which may include no more than five (5) supplemental pages, as set forth above.

3) Plaintiff has until December 4, 2026, to file an amended complaint that cures the deficiencies outlined in the opinion above. Plaintiff's failure to correct the outlined deficiencies or to otherwise respond by that deadline will result in dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

4) Plaintiff's motions for appointment of counsel (dkt. #4) and to suspend local rules relating to page limits (dkt. #5) are DENIED.

Entered this 4th day of November, 2026.

BY THE COURT:

/s/

______________________________

WILLIAM M. CONLEY
District Judge